J-S32002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMONT WALKER, | |
| Appellant | No. 2019 WDA 2013 |

Appeal from the Order Entered November 25, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0006204-2007

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED APRIL 15, 2016**

This matter is before this panel after remand from the Supreme Court of Pennsylvania.  On February 24, 2016, the Pennsylvania Supreme Court granted the petition for allowance of appeal filed by Appellant, Raymont Walker, vacated this Court's July 24, 2015 order affirming the dismissal of Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and remanded the case to our Court for further proceedings consistent with the United States Supreme Court's decision in **_Montgomery v. Louisiana_**, __ U.S. __, 136 S.Ct. 718 (2016).  After careful review, we reverse the PCRA court's order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for resentencing.

Appellant was convicted by a jury of one count each of first-degree murder, criminal attempt (homicide), possession of a firearm by a minor, criminal conspiracy, and two counts of aggravated assault. Appellant was fifteen years old at the time he committed the crimes. The trial court imposed a mandatory sentence of life imprisonment without the possibility of parole for first-degree murder, a consecutive prison term of ten to twenty years for criminal attempt (homicide), and a consecutive prison term of thirty to sixty months for aggravated assault. The trial court imposed no further sentence for the remaining convictions. This Court affirmed the judgment of sentence on April 30, 2012. *Commonwealth v. Walker*, 1667 WDA 2010, 48 A.3d 490 (Pa. Super. 2012) (unpublished memorandum).

Appellant filed a timely *pro se* PCRA petition on July 30, 2012, alleging, *inter alia*, that he was entitled to relief pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012), which held that mandatory life sentences for juvenile offenders were unconstitutional. Appointed counsel filed an amended petition on January 7, 2013. The PCRA court held a hearing on May 31, 2013, and denied the petition for post-conviction relief on November 25, 2013. Appellant filed a timely notice of appeal to this Court on December 20, 2013, and we affirmed the dismissal of the PCRA petition on July 24, 2015. *Commonwealth v. Walker*, 2019 WDA 2013, 125 A.3d 460 (Pa. Super. filed July 24, 2015) (unpublished memorandum).

Appellant filed a petition for allowance of appeal with our Supreme Court on July 29, 2015. While that petition was pending, the United States Supreme Court filed its opinion in **Montgomery** on January 25, 2016. In **Montgomery**, the United States Supreme Court held that **Miller's** prohibition of mandatory life sentences without the possibility of parole for juvenile offenders was a new substantive rule that must be applied retroactively in cases on collateral review in state courts. **Montgomery**, 136 S.Ct. at 732. Accordingly, on February 24, 2016, the Pennsylvania Supreme Court granted Appellant's petition for allowance of appeal, vacated our July 24, 2015 decision, and remanded the appeal from the denial of PCRA relief to this Court. **Commonwealth v. Walker**, 299 WAL 2015 (Pa. filed February 24, 2016).

We conclude that Appellant is entitled to resentencing in light of **Miller**, **Montgomery**, and **Commonwealth v. Secreti**, ___ A.3d ___, 2016 PA Super 28 (Pa. Super. 2016) (holding **Miller** is retroactive for purposes of collateral review as of its filing date of June 25, 2012, and the appellant was entitled to a new sentencing hearing in accordance with the dictates of our Supreme Court's decision in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013)). Thus, we reverse the PCRA court's November 25, 2013 order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with **Miller** and **Batts**.

On remand, the trial court shall, at a minimum, take into consideration the following factors:

> [Appellant's] age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

**Batts**, 66 A.3d at 297 (quotation marks and citation omitted).

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016